UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

JOHN VASQUEZ,                                       :

                Petitioner,       :  **REPORT AND RECOMMENDATION TO THE HONORABLE LAURA T. SWAIN**[*]

   - against -                                    :

SUPERINTENDENT THOMAS A. POOLE,   :   06 Civ. 0325 (LTS)(FM)

                Respondent.     :

------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: July 6, 2007

**FRANK MAAS**, United States Magistrate Judge.

I.    Introduction

       On March 24, 2003, pro se petitioner John Vasquez ("Vasquez") was convicted, following a jury trial in Supreme Court, Bronx County, on charges of Robbery in the First Degree, Criminal Possession of a Controlled Substance in the Seventh Degree, and Unlawful Possession of Marijuana. Thereafter, the Honorable Barbara F. Newman, before whom the case was tried, sentenced Vasquez, as a second felony offender, to concurrent prison terms, the longest of which was twenty years.

       In this proceeding pursuant to 28 U.S.C. § 2254 ("Section 2254"), Vasquez claims that he is entitled to habeas relief because the evidence at his trial was insufficient and the verdict was against the weight of the evidence. For the reasons set forth below, I recommend that the petition be denied. Additionally, I recommend that Vasquez be

---

     [*]    This Report and Recommendation was prepared with the assistance of Andrey Spektor, a student at the University of Michigan Law School.

denied a certificate of appealability because he has failed to make the substantial showing of the denial of a constitutional right required by 28 U.S.C. § 2253(c)(2).

II.     Background[1]

    A.     People's Case

The People's proof at trial would have permitted a reasonable jury to conclude as follows:

On August 21, 2000, at approximately 11 p.m., Dalmin Hilton ("Hilton") was in his car, a 1986 Pontiac Grand Am, with his cousin. Hilton drove into a Mobil gas station at the intersection of Watson and Metcalf Avenues in the Bronx to fill his tank. While Hilton was waiting to pay for the gas, Vasquez approached and pointed a gun at him. Vasquez then walked over to Hilton's car, which had the key in the ignition, entered the driver's side door, and sped away.

After chasing Vasquez some distance on foot, Hilton approached a driver waiting at a traffic light to ask for assistance. She agreed to drive Hilton and his cousin to look for the stolen car. While they were riding with her, Hilton noticed a police car on the Cross Bronx Expressway service road. Hilton approached the police car and explained the situation to the police officers, who invited him to help canvass the area. After traveling less than one block in the patrol car, Hilton got out to instruct the driver of the other car and his cousin to meet him at the precinct. As Hilton was reentering the

---

[1] The relevant facts are essentially undisputed. For that reason, I have provided citations for only the critical portions of the trial transcript. "T. _" refers to the trial transcript.

patrol car, however, he spotted Vasquez approaching in the stolen Grand Am, and so advised the officers. Vasquez then made an abrupt u-turn and drove away.

As Vasquez was making the u-turn (in an area which was well lit), Police Officer Norbert Mercado ("Officer Mercado"), one of the officers in the patrol car, made eye contact with him at a point where their two vehicles were only about five feet apart. In keeping with established policy, the officers required Hilton to leave their car before they began their pursuit. (T. 88-92). Vasquez then led the officers on a high-speed car chase, during which he drove the wrong way down a one-way street before crashing Hilton's car into a schoolyard gate on Beach Avenue. The vehicle, which landed partly down a staircase, was destroyed.

After coming to a stop, Vasquez exited the vehicle, and jumped over a fence. As Vasquez was jumping over the fence, Officer Mercado again had an opportunity to see him at close range. Indeed, the officer was so close that he touched Vasquez's pants leg. The area where this occurred was brightly lit. Officer Mercado had an additional opportunity to observe Vasquez moments later when Vasquez stood up on the other side of the fence. Vasquez then ran southbound on St. Lawrence Avenue, making a turn on Westchester Avenue.

Other officers responded to radio calls about the incident and joined the search. One of the police officers responding to the radio call about the pursuit was driving down Westchester Avenue when he noticed someone on the street pointing down Commonwealth Avenue. The officer parked his patrol car and began searching for the

3

suspect, who had been described in radio transmissions as a male Hispanic wearing a white tee shirt and blue jeans.

At approximately midnight, Audrey Rosa ("Rosa"), a resident of a private house located at 1268 Commonwealth Avenue, heard her door bell ringing and persistent knocking on her door. Because of the late hour, Rosa was afraid to open the door. Instead, she went to her upstairs window, from which she observed police officers running up and down the street. After opening her door slightly, Rosa noticed Vasquez hiding under her son-in-law's car. She then returned to the upstairs window and pointed out Vasquez's whereabouts to nearby police officers. (Id. at 144-148, 157).

The police arrested Vasquez but did not recover any weapon. From his person, however, the officers did recover twelve small bags of crack cocaine, another small bag containing cocaine in rock form, and four clear bags containing marijuana. The police found more marijuana in the same type of clear bag on the driver's side floor of the stolen vehicle.

B.   Defense Case

Vasquez was the sole defense witness. He testified that he went to visit his aunt, Carmen Deleon, who lived at 1328 Commonwealth Avenue, on August 21, 2000, at approximately 10 p.m. According to Vasquez, he left his aunt's house some time between 11 and 11:30 p.m. Vasquez explained that he jumped over the fence at 1268 Commonwealth Avenue when he saw the police officers because he was wanted on a

4

parole violation warrant issued in California and was carrying drugs.[2] He testified that he rang Rosa's doorbell at 1268 Commonwealth Avenue "to let her know that [he] was [o]n her property." He then hid under a nearby car until the police arrested him. (Id. at 175-176, 190-196).

### C. Verdict

The jury found Vasquez guilty of Robbery in the First Degree, Criminal Possession of a Controlled Substance in the Seventh Degree, and Unlawful Possession of Marijuana.[3] (Id. at 296-297).

### D. Sentencing

On March 24, 2003, Justice Newman sentenced Vasquez, as a second felony offender, to prison terms of twenty years on the Robbery in the First Degree count, one year on the Criminal Possession of Controlled Substance in the Seventh Degree count, and sixty days on the Unlawful Possession of Marijuana count, to be served concurrently. (S. 10-13).

### E. Subsequent Procedural History

On January 21, 2003, Vasquez moved pro se to vacate the judgment of conviction pursuant to Section 440.10 of the New York Criminal Procedure Law

---

[2] Vasquez had prior felony convictions for assault with a weapon, possession of a controlled substance, and criminal possession of stolen property.

[3] The jury consequently did not consider two additional counts of the indictment charging Vasquez with the lesser included offenses of Robbery in the Second Degree and Grand Larceny in the Fourth Degree.

("CPL"), alleging that his conviction on the Unlawful Possession of Marijuana count was improper because that charge had been dismissed prior to trial. (Affirm. of Ass't Dist. Att'y Jennifer Marinaccio, dated Jan. 2007 ("Marinaccio Affirm."), ¶ 6).

On June 20, 2003, Justice Newman denied that motion, concluding that the claim was procedurally barred under CPL § 440.10(2)(b) because Vasquez could have raised it on direct appeal. Justice Newman also held that the claim lacked merit because Vasquez had been indicted on one count of Unlawful Possession of Marijuana and that charge had not been dismissed prior to trial. (Id. ¶ 7).

Vasquez subsequently appealed his conviction to the Appellate Division, First Department, arguing that the jury's verdict on the first degree robbery charge was against the weight of the evidence because the People failed to introduce any physical evidence linking him to the crime and because the complainant might have mistakenly identified him. (Id. Ex. 2 (Resp't's Br.)).

On January 25, 2005, the Appellate Division unanimously affirmed Vasquez's conviction. People v. Vasquez, 787 N.Y.S.2d 876 (1st Dep't 2005). Thereafter, on April 26, 2005, the New York Court of Appeals denied Vasquez's application for leave to appeal. People v. Vasquez, 4 N.Y.3d 857 (2005).

On March 23, 2006, Vasquez again moved pro se to vacate his conviction pursuant to CPL § 440.10, claiming that he was denied the effective assistance of counsel because his trial attorney failed to call alibi witnesses or argue that his speedy trial rights had been violated. (Marinaccio Affirm. ¶ 10).

On August 4, 2006, Justice Newman denied that motion in its entirety.  (Id. ¶ 11).

On November 1, 2005, Vasquez timely filed his habeas petition claiming that the Robbery in the First Degree Count had not been proved beyond a reasonable doubt and that his conviction was against the weight of the evidence.  (Id. ¶ 12).

III.   Discussion

   A.   Standard of Review

A habeas corpus petition is not a vehicle to relitigate every issue previously determined in state court.  Herrera v. Collins, 506 U.S. 390, 401 (1993).  Instead, a state prisoner seeking habeas relief under Section 2254 must show by a preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Petitioner thus has the burden of proving, by a preponderance of the evidence, that his rights have been violated.  Jones v. Vacco, 126 F.3d 408, 415 (2d Cir. 1997).

Section 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), provides, in part, that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

> (1) resulted in a decision that was <u>contrary to</u>, or involved an <u>unreasonable application of</u>, clearly established Federal law, as determined by the Supreme Court of the United States.

28 U.S.C. § 2254(d) (emphasis added).

The Supreme Court has "construed the amended statute so as to give independent meaning to the terms 'contrary [to]' and 'unreasonable.'" <u>Jones v. Stinson</u>, 229 F.3d 112, 119 (2d Cir. 2000). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." <u>Williams v. Taylor</u>, 529 U.S. 362, 412-13 (2000). Under the "unreasonable application" clause, a federal habeas court should "ask whether the state court's application of clearly established federal law was objectively unreasonable." <u>Id.</u> at 409. This standard does not require that reasonable jurists would all agree that the state court was wrong. <u>Id.</u> at 409-10. Rather, the standard "falls somewhere between 'merely erroneous and unreasonable to all reasonable jurists.'" <u>Stinson</u>, 229 F.3d at 119 (quoting <u>Francis S. v. Stone</u>, 221 F.3d 100, 109 (2d Cir. 2000)). Section 2254(d)(1) only applies, however, "with respect to claims adjudicated on the merits in state court." <u>Williams</u>, 529 U.S. at 412.

Section 2254(d)(2) further authorizes the federal courts to grant a habeas writ when a claim considered on the merits in state court "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." To the extent that a habeas petition challenges factual

findings, Section 2254(e)(1) provides that "a determination of a factual issue made by a State court shall be presumed to be correct" and that "[t]he [petitioner] shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."

"If, after carefully weighing all the reasons for accepting a state court's judgment, a federal court is convinced that a prisoner's custody . . . violates the Constitution, that independent judgment should prevail." Williams, 529 U.S. at 389.

B.     Weight and Sufficiency of the Evidence

A claim that a conviction was against the weight of the evidence is not cognizable on federal habeas review. See Givens v. Burge, No. 02 Civ. 0842 (JSR)(GWG), 2003 WL 1563775, at *10 (S.D.N.Y. Mar. 4, 2003) (collecting cases). On the other hand, the sufficiency of the evidence used to convict a defendant is reviewable. In considering the sufficiency of the evidence underlying a state criminal conviction, the court must "determine whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318 (1979). A petitioner challenging the sufficiency of the evidence thus bears a "very heavy burden." Ponnapula v. Spitzer, 297 F.3d 172, 179 (2d Cir. 2002); Knapp v. Leonardo, 46 F.3d 170, 178 (2d Cir. 1995). To prevail, the petitioner must show that no rational trier of fact could have found proof of guilt beyond a reasonable doubt. Jackson, 443 U.S. at 324 & n.16; Einaugler v. Sup. Ct. of the State of N.Y., 109 F.3d 836, 839 (2d Cir. 1997); Bossett v. Walker, 41 F.3d 825, 830 (2d Cir. 1994) (quoting Jackson, 443 U.S. at 324). Moreover, in determining whether this standard has been met, the court must view the

evidence in the light most favorable to the prosecution and draw all permissible inferences in its favor.  Jackson, 443 U.S. at 319.

A sufficiency claim therefore does not permit the reviewing court to redetermine the credibility or reliability of witnesses or substitute its view of the evidence for that of the trier of fact.  See Marshall v. Lonberger, 459 U.S. 422, 434 (1983); Maldonado v. Scully, 86 F.3d 32, 35 (2d Cir. 1996).  Rather, insofar as there is evidence from which the jury could have drawn an inference favorable to the accused but chose not to, the court must "defer to . . . the jury's choice of competing inferences."  United States v. Kinney, 211 F.3d 13, 18 (2d Cir. 2000) (quoting United States v. Morrison, 153 F.3d 34, 49 (2d Cir. 1998)).  For this reason, "the testimony of a single, uncorroborated eyewitness is generally sufficient to support a conviction."  United States v. Danzey, 594 F.2d 905, 916 (2d Cir. 1979); Edwards v. Jones, 720 F.2d 751, 755 (2d Cir. 1983) (following Danzey even though the testimony and character of the sole witness who directly implicated the petitioner were "less than inspiring"); Means v. Barkley, No. 98 Civ. 7603 (DLC), 2000 WL 5020, at *4 (S.D.N.Y. Jan. 4, 2000) (applying Danzey and noting that habeas court may set aside conviction only if testimony is "incredible as a matter of law"); see also United States v. Diaz, 176 F.3d 52, 92 (2d Cir. 1999) ("conviction may be sustained on the basis of the testimony of a single accomplice, so long as that testimony is not incredible on its face"); United States v. Suriel, No. 06 CR. 44 KTD, 2007 WL 241644, at *1 (S.D.N.Y. Jan. 25, 2007) ("testimony of a cooperating witness alone may be enough for a conviction if the jury finds that the testimony

establishes guilt beyond a reasonable doubt"); Rodriguez v. Mazzuca, No. 05 Civ. 474 (NRB), 2005 WL 2298162, at *5 n.5 (S.D.N.Y. Sept. 19, 2005) ("conviction based upon eyewitness identification of defendant by the crime victim is clearly sufficient").

Here, Vasquez challenges the sufficiency of the evidence that he committed the crime of Robbery in the First Degree. Accordingly, the court "must look to state law to determine the elements of the crime." Quartararo v. Hanslmaier, 186 F.3d 91, 97 (2d Cir. 1999). Pursuant to Section 160.15(4) of the New York Penal Law, which codifies the crime of Robbery in the First Degree, the People were required to establish only two elements: that Vasquez (1) forcibly stole property, and (2) displayed what appeared to be a firearm in the course of the theft or his immediate flight therefrom. See N.Y. Penal Law § 160.15(4) (McKinney 1999).

Vasquez's sufficiency claim stresses the alleged lack of any physical evidence linking him to the crime. For example, he notes that no fingerprints were lifted from the stolen vehicle, no gun was recovered, and no videotapes were introduced into evidence, even though there was testimony that the gas station where the theft took place had a video-surveillance camera.[4] (See Pet'r's Mem. of Law at 3-4). Citing United States v. Bautista, 252 F.3d 141, 145 (2d Cir. 2001), Vasquez asserts that the "absence of [such] evidence is itself a valid basis for reasonable doubt." (Id.).

---

[4] Officer Mercado testified, however, that the camera was "not working" at the time of the incident. (T. 62).

Vasquez's lack-of-physical-evidence claim mischaracterizes the proof at trial since the arresting officers did find marijuana on Vasquez's person which was packaged in the same manner as the marijuana found in the vehicle stolen from Hilton. (T. 164). While this link between Vasquez and the robbery is admittedly not overwhelming, a paucity of physical evidence is not the same as the lack of any evidence. Vasquez's reliance on Bautista is therefore misplaced.

Moreover, it is settled law that proof of a crime can be "based primarily on eyewitness testimony . . . [and] any lack of corroboration [with physical evidence] goes only to weight of the evidence, not to its sufficiency." United States v. Gonzalez, 110 F.3d 936, 940-41 (2d Cir. 1997) (internal quotation marks omitted). In that regard, Hilton testified at trial that he was "100 percent sure" that Vasquez was the man who robbed him. (T. 103). Similarly, Officer Mercado testified that he saw Vasquez at close range (in brightly lit locations) while Vasquez was inside the stolen vehicle, as he was jumping over the fence, and when he stood up on the other side of the fence before continuing to flee. Although Vasquez attempts to discredit this evidence, (see Pet. at 10), Hilton's testimony alone, if accepted by the jury, as it apparently was, was sufficient for Vasquez to be found guilty on the first degree robbery charge because Hilton stated that his assailant had a weapon and made an in-court identification of Vasquez as that person. (T. 87). Vasquez therefore has failed to meet his "heavy burden" of showing that no rational jury could have found him guilty of Robbery in the First Degree.

IV.     Conclusion

For the foregoing reasons, Vasquez's habeas petition should be denied. Additionally, Vasquez should be denied a certificate of appealability because he has failed to make the substantial showing of the denial of a constitutional right required by 28 U.S.C. § 2253(c)(2).

V.      Notice of Procedure for Filing Objections to this Report and Recommendation

The parties shall have ten (10) days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure.  See also Fed. R. Civ. P. 6(a) and (e).  Any such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Laura T. Swain, and to my chambers, at the United States Courthouse, 500 Pearl Street, New York, NY 10007, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72(b).  Any requests for an extension of time for filing objections must be directed to Judge Swain.  The failure to file these timely objections will result in a waiver of those objections for purposes of appeal. See Thomas v. Arn, 474 U.S. 140 (1985); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72(b).

Dated:  New York, New York
        July 6, 2007

                                        /s/ Frank Maas
                                        _____
                                        FRANK MAAS
                                        United States Magistrate Judge

Copies to:

Honorable Laura T. Swain
United States District Judge

John Vasquez
DIN # 03-A-1856
Upstate Correctional Facility
P.O. Box 2001
Malone, New York 12953

Jennifer Marinaccio
Assistant District Attorney, Bronx County
198 East 161st Street
Bronx, New York 10451